## John E. Vos, Appellee, v. Frederick C. Franke, Appellant.

### Gen. No. 22,405. (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed November 27, 1916.

### Statement of the Case.

Action by John E. Vos, plaintiff, against Frederick C. Franke, defendant, in the Circuit Court of Cook

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

county, to recover for personal injuries sustained by plaintiff as a result of being struck by defendant's automobile. From a judgment for plaintiff for $1,500, defendant appeals.

The evidence showed that plaintiff was crossing West 69th street in Chicago when injured, near the alley between Emerald and Union avenues. He was hurrying after another man, and sought to cross the street at a point which was not a regular crossing, but was south of the center of 69th street when struck. Defendant's automobile was being driven south of the center of such street, without apparent necessity for its being out of the usual line of vehicular traffic. There was no congestion of traffic or street obstruction to account for its being there. The automobile at the time was proceeding west.

WILLARD C. McNITT and JOSEPH A. BATES, for appellant.

LEWIS B. JACOBS and WALTER J. HEINEMANN, for appellee.

MR. JUSTICE HOLDOM delivered the opinion of the court.

## Abstract of the Decision.

1. AUTOMOBILES AND GARAGES, § 2*—*when injured pedestrian not guilty of contributory negligence.* In an action to recover for personal injuries sustained by a pedestrian by being struck by defendant's automobile, *held* that plaintiff was not guilty of contributory negligence although when struck he was crossing a street at a point which was not a regular crossing, it also appearing that defendant's automobile was at the time of the accident being recklessly driven out of the path of vehicular traffic in the street, so that if plaintiff was originally negligent in selecting a point for crossing, he had, when struck, escaped from the path where the automobile should have been driven.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Vos v. Franke, 202 Ill. App. 133.

2.   AUTOMOBILES AND GARAGES, § 3*—*when evidence sustains judgment for injured pedestrian.*   In an action to recover for personal injuries sustained by a pedestrian by being struck by defendant's automobile while plaintiff was crossing a street, where it appeared that, though plaintiff sought to cross at a point not a regular crossing, defendant's automobile was being driven out of the regular path of vehicular traffic when it struck plaintiff, a judgment for plaintiff *held* sustained by the evidence.

3.   APPEAL AND ERROR, § 1629*—*when improper questions of counsel not reversible error.*   Improper questions asked by counsel for plaintiff are not reversible error where the evidence and the size of the verdict show that defendant was not prejudiced thereby, and where on prompt objection by defendant the court ruled the questions out, such ruling being a sufficient curative.

4.   TRIAL, § 270*—*when special interrogatories.*   Special interrogatories in an action for personal injuries which do not fulfil the legal requirement that they be single and direct and that they relate to an ultimate or controlling fact are properly refused.

5.   INSTRUCTIONS, § 159*—*how considered.*   Instructions must be taken and read as a whole.

6.   NEGLIGENCE, § 204*—*when request for directed verdict properly denied.*   A request for a directed verdict in an action for personal injuries is properly denied where plaintiff's case presents facts calling for a submission of the case to a jury.

7.   AUTOMOBILES AND GARAGES, § 3*—*when evidence of competency of driver admissible.*   In an action for personal injuries sustained by plaintiff as a result of being struck by defendant's automobile, where one of the issues joined was the failure of defendant to employ a careful and skilful driver, and whether the driver employed lacked such qualities, evidence is competent as to the competency, reliability and reputation of the driver employed by defendant to drive his automobile at the time of the accident, since defendant cannot be heard to complain of evidence pertinent to the issues joined.

8.   AUTOMOBILES AND GARAGES, § 3*—*when evidence shows driver reckless and unfit.*   In an action to recover for personal injuries sustained by a pedestrian as a result of being struck by defendant's automobile, where it appeared that the automobile was being driven by defendant's servant at a point in the street away from the regular path of vehicular traffic, evidence *held* to show that the character and conduct of defendant's driver was reckless, and that such driver was unfit to drive such automobile.

*See **Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly,** same topic and section number.