(93 South. 534)

## BRADLEY v. WOOD. (6 Div. 631.)

(Supreme Court of Alabama. June 1, 1922.)

1. **Street railroads** ⊚⟳103(1) — **Last clear chance rule is operative whether injury happened on public or private highway.**

To warrant recovery for the negligent and wanton misconduct of a street railway company through its agent after seeing the perilous position of the plaintiff, it is immaterial whether such plaintiff at the time of the injury was on a public or private highway.

2. **Bailment** ⊚⟳21 — **Sales** ⊚⟳481 — **Lack of complete title to property no bar to recovery.**

It is no bar to recovery for the wanton and negligent misconduct of a street railway company that the injury resulted to property borrowed by the plaintiff or held by him under a conditional sales contract.

3. **Street railroads** ⊚⟳103(3) — **Danger from wanton or negligent misconduct not assumed by one near tracks.**

Negligent or wanton misconduct of a street railway company is not one of the risks assumed by a person who drives a horse easily frightened near the tracks of such company, and an instruction to that effect is properly denied.

Appeal from Circuit Court, Jefferson County, Bessemer Division; J. C. B. Gwin, Judge.

Action for damages by Rosenbaum Wood against Lee C. Bradley, as receiver of the Birmingham Railway, Light & Power Company. From a judgment for plaintiff, defendant appeals. Transferred from Court of Appeals under section 6, Acts 1911, p. 450. Affirmed.

After allowing amendment to the complaint, the court charged the jury:

"Gentlemen of the jury, I will allow the plaintiff to amend his complaint. He originally averred in his complaint that this was a public road upon which the plaintiff was traveling, and that placed the burden upon the plaintiff to prove that it was a public road, and I have read in your hearing written charges stating to you that unless it was a public road the plaintiff could not recover. He has with leave of the court amended his complaint to state that it was a road over which the plaintiff was traveling, but not a public road, that is, the averment that it was a public road has been struck out, but he does aver that the road was not on the property of the defendant company, and the law that I have already given you will apply to the case in all respects in regard to it being a public road. In other words, the plaintiff does not have to show that it was a public road, as it would formerly have had to show."

Tillman, Bradley & Baldwin, of Birmingham, and Huey & Welch, of Bessemer, for appellant.

Demurrers to the counts should have been sustained. 51 South. 309; 175 Ala. 108, 56 South. 984; 150 Ala. 300, 43 South. 832; 144 Ala. 332, 39 South. 282; 33 Fla. 681, 15 South. 553; 184 Ala. 535, 63 South. 564; 196 Ala. 136, 72 South. 68; 200 Ala. 282, 76 South. 48. The defendant was entitled to the general affirmative charge. 60 South. 559; 3 Ala. App. 80, 57 South. 387; 124 Ala. 508, 27 South. 406, 82 Am. St. Rep. 196. Defendant's agents in charge of the street car were under no duty to keep a lookout for parties or teams on a private road. 150 Ala. 300, 43 South. 832; 51 South. 309; 14 Ala. App. 1, 69 South. 984; 184 Ala. 535, 63 South. 564; 196 Ala. 136, 72 South. 68. A person who drives an unbroken or vicious horse along a public road, running side by side with a street car track, does so at his own risk. 184 Ala. 535, 63 South. 564; 196 Ala. 136, 72 South. 68.

Goodwyn & Ross, of Bessemer, for appellee.

The counts were sufficient. 133 Ala. 362, 32 South. 259; 196 Ala. 136, 72 South. 68; 203 Ala. 220, 82 South. 470; 144 Ala. 332, 39 South. 282; 125 Ala. 199, 27 South. 1006. Where evidence is in dispute as to material facts, the affirmative charge should not be given. 196 Ala. 136, 72 South. 68.

GARDNER, J. This is a suit by appellee against appellant for damages resulting to him personally and to his buggy and horse. The cause was tried upon counts 1 and 2, as amended, the plea of general issue, and pleas 3 and 4 of contributory negligence as to count 1, resulting in a judgment for the plaintiff in the sum of $125, from which the defendant prosecutes this appeal.

Count 1 as originally framed alleged in substance that while the plaintiff was driving his buggy along the public road, in close proximity to a street car track, the defendant's agent or servant in charge of the street car upon its track, whose name was to the plaintiff unknown, while acting in the line and scope of his employment, negligently caused the plaintiff's horse which was hitched to said buggy to run away, in that he negligently continued to ring the bell and blow the whistle of said street car to the rear of and in close proximity to said horse after knowing the horse was very much frightened thereat, and would likely and probably run away, and that he suffered the damages and injuries set out in said count as the proximate result of said negligence. The second count embodies much of the language of the first, but charges that the servant or agent of the defendant wantonly caused the plaintiff's horse to run away with a knowledge that plaintiff was in a position of peril in said buggy, and would likely be injured in said runaway, and with a reckless disregard of the consequences, and as a proximate re-

sult of said wantonness the injuries set out therein were sustained. The court committed no error in overruling the demurrer to these counts. Atlanta, B. & A. R. R. Co. v. Ballard, 203 Ala. 220, 82 South. 470; Cent. of Ga. Ry. Co. v. Foshee, 125 Ala. 199, 27 South. 1006; L. & N. R. R. Co. v. Jenkins, 196 Ala. 136, 72 South. 68; Cent. of Ga. Ry. Co. v. Fuller, 164 Ala. 196, 51 South. 309.

Count 2 rested for recovery upon the charge of wantonness, and the pleas 3 and 4 of contributory negligence were no answer thereto. The demurrer therefore as to these pleas in answer to count 2 was properly sustained.

The defendant was not entitled to the affirmative charge, and the charges requested upon this theory were properly refused.

Plaintiff's testimony tended to show that on the occasion complained of he was driving the horse hitched to a buggy along what plaintiff denominated a public road near Bessemer where said road ran parallel for quite a distance with the street railway track of the defendant; that one of the cars on defendant's track approached plaintiff from the rear with the bell ringing and the whistle blowing, which character of noise continued, and that his horse became frightened; that the motorman of the car saw the frightened condition of the animal and plaintiff's perilous situation, but did not check the speed of the car, and without necessity therefor continued to ring the bell and blow the whistle, and laughed at plaintiff's predicament; that the horse became unmanageable, ran away, plaintiff being thrown from the buggy, the buggy being rendered worthless, and the horse so damaged that he was killed by an officer of the city. Under these tendencies of the evidence, therefore, questions for the jury's determination were presented both by counts 1 and 2.

The second count being a wanton count, punitive damages were recoverable, and charges instructing the jury to the contrary were properly refused.

[1] Some of the refused charges instructed the jury that there was no duty on the part of the motorman to keep a lookout for the plaintiff because under the undisputed evidence the road on which he was traveling was a private road, and not a public road. As the plaintiff testified that the road was a public road, notwithstanding the overwhelming proof may disclose it was a private road, it could yet not be said to have been established by the undisputed evidence; but, aside from this, we are unable to see the materiality of this question upon the case. Whether a private or a public road, plaintiff was not upon the property of the defendant, but was traveling a road in general use by the public, and both counts of the complaint rested, not upon the failure of duty to keep a lookout for the plaintiff, but upon the conduct of the servant or agent of the defendant subsequent to the discovery of his peril. One of the charges requested by the defendant would confine the recovery to proof of wanton conduct, which was properly refused as pretermitting consideration of subsequent negligence relied upon in count 1.

[2] Plaintiff testified that the horse was his own, and on cross-examination it developed that he had bought the horse from one Sullivan, but had not paid for him in full. The defendant offered to show that the plaintiff had bought the horse under a conditional sales contract, with retention of title in the vendor until paid for, but the court sustained objection to this evidence. The buggy did not belong to the plaintiff, but had been borrowed by him from another. Appellant insists therefore there could be no recovery for damages to the buggy, and that the evidence as to the conditional sales contract should have been admitted so as to preclude a recovery as for the horse. We are of the opinion however that the case of Birmingham South. R. R. Co. v. Goodwyn, 202 Ala. 599, 81 South. 339, and the authorities therein cited suffice to disclose that this position is not well taken, but that the plaintiff's interest in the property was sufficient upon which to base the right of action. The question is fully discussed in the Goodwyn Case, supra, and need not be here reiterated.

[3] The charges asked by the defendant, instructing the jury in substance that one who drives a horse easily frightened by a street car upon a public road, where he is likely to be overtaken by a street car, does so at his own risk, were properly refused as confusing and misleading. Under such instructions the jury might infer that such a one even assumed the risk incident to the negligent or wanton conduct of those operating the cars after discovery of his perilous position.

Upon the conclusion of the case the plaintiff was allowed to amend his complaint by alleging that the road upon which he was driving was a private, and not a public, road. This amendment was evidently made to meet the evidence as to the character of the road developed upon the trial, and was of course properly allowed.

A diagram showing the street car line, as well as the roadway and the location of plaintiff's horse, was offered in evidence. We find no reversible error in the court's overruling that portion of the argument of counsel for appellee to which objection was interposed. The bill of exceptions discloses that the other objection to plaintiff's argument, treated in brief of counsel for appellant, was sustained, and of course presents nothing here for review.

We are of the opinion there is in fact no variance between the allegations and proof as to the animal killed, and, even had there

been a variance, the attention of the court was not directed thereto as required by circuit court rule 34 (175 Ala. xxi).

There remain a few refused charges which we have not separately treated, but which have been examined in consultation in connection with the oral charge of the court and the charges given at defendant's request. We need not commit ourselves to the statement that any of these charges were free from some character of objection, but, whether so or not, a reading of the oral charge of the court and the numerous charges given at the defendant's request discloses that every principle of law applicable in any of its phases to the issues involved in this case, which were sought to be embraced within any of these refused charges, was in substance covered either by the oral charge or by defendant's given charges. It is unnecessary therefore that these should be reviewed, or that the oral charge and the given charges should be analyzed, as no error for reversal could be rested upon the refusal of these charges.

The supplemental charge of the court after the amendment of the complaint was free from error, and the assignment of error based on the exception thereto is without merit.

We find no reversible error in the record, and the judgment appealed from will be here affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.