(98 South. 719)

**STALLWORTH TURPENTINE CO. et al. v. WARD. (1 Div. 279.)**

(Supreme Court of Alabama. Dec. 20, 1923. Rehearing Denied Jan. 24, 1924.)

1. Pleading ☞34(4)—Construed naturally, though most strongly against pleader.

While pleadings are construed most strongly against the pleader, they must be given a natural and common sense construction, as opposed to a strained and unnatural one.

2. Highways ☞184(1)—Simple negligence in operation of truck held sufficiently averred.

Counts averring that death proximately resulted from the negligent failure of defendant's servant in charge of a motor truck to exercise reasonable care and diligence to stop it and the unusual noise made in its operation after discovering the fright of decedent's horse and his perilous position thereon, sufficiently alleged simple negligence in failing to perform a duty owing to decedent, and injury as a proximate result thereof.

3. Negligence ☞119(7)—Recovery for subsequent negligence allowable under counts charging simple negligence.

Under counts charging simple negligence, recovery may be sustained on proof of subsequent negligence.

4. Appeal and error ☞1040(11) — Overruling demurrers to counts charging subsequent negligence held not injurious to defendant, in view of counts charging simple negligence.

Overruling demurrers to counts averring negligence in failing to stop a motor truck and the unusual noise thereof after discovering decedent's perilous position on a frightened horse, held not injurious to defendant, in view of other counts charging simple negligence in the operation, management, and control of the truck.

5. Death ☞54—Special pleas of contributory negligence held insufficient.

Special pleas of contributory negligence, in failing to procure a skilled physician to treat decedent for a disease, held insufficient on demurrer, as setting up negligence subsequent to his injury, and relating to proximate cause, which was provable under the general issue.

6. Highways ☞184(1)—Allegations of negligence in frightening horse held not at variance with proof.

Allegations that defendant's agent, while operating defendant's auto truck, negligently caused a horse on which plaintiff's intestate was riding to run away and throw him to the ground, charged simple negligence in the operation, management, and control of the truck, and hence were not at variance with the evidence supporting recovery on proof of subsequent negligence.

7. Highways ☞179—One stopping horse near public road held "traveler" thereon.

That one thrown from a horse frightened by a motor truck had stopped the horse near the road to converse with a friend did not prevent him from being a traveler on the public

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

highway within counts alleging his status as such.

**8. Highways ⬤➔184(1)—Descriptive averment that decedent was traveler on public highway when horse was frightened held not at variance with proof that it was standing near road.**

An averment, in a death action, that decedent was a traveler on a public highway when his horse was frightened by defendant's motor truck, *held* merely descriptive and hence not a material variance from proof that the horse was standing at a gate near the road; defendant's duty being the same as respects proof of negligence after discovering decedent's peril.

**9. Pleading ⬤➔430(2)—Variance between pleading and proof cannot be first raised by request for affirmative charge.**

Variance between allegation and proof, when not directed to the trial court's attention, as required by circuit court rule 34 (175 Ala. xxi), cannot be raised for the first time by request for the affirmative charge.

**10. Highways ⬤➔184(4)—Charge asked on erroneous theory as to negligence for which recovery was sought in case of horse frightened by truck held misleading.**

In an action for, the death of one thrown from a horse, frightened by defendant's motor truck, a charge, asked on the erroneous theory that certain counts sought recovery only for negligence in the initial fright of the horse, that the noise of the car before the driver's discovery of deceased's perilous situation was not sufficient to fix defendant's liability, *held* properly refused as misleading.

**11. Trial ⬤➔260(1)—Refusal of charge substantially covered by charges given not error.**

Refusal of a charge substantially covered by charges given is not error.

Appeal from Circuit Court, Monroe County; Jno. D. Leigh, Judge.

Action by Annie Ward, as administratrix of the estate of Arthur Ward, deceased, against the Stallworth Turpentine Company, a partnership, and others. From a judgment for plaintiff, defendants appeal. Affirmed.

Count 1 of the complaint alleges, in substance, that on November 17, 1920, one Sims, an agent or servant of defendants, having charge or control of one of defendants' auto trucks, operating the same within the line and scope of his employment, along the public road, met or saw intestate on horseback in or near said public road; that the horse on which intestate was riding, upon seeing and hearing said truck, became scared, frightened, and terrified from the unusual and unnecessary loud and terrifying noise being made in the operation of the truck, which noise caused said horse to run away and throw intestate to the ground, producing injuries proximately causing his death on December 13, 1920. It is averred that intes-

tate's death approximately resulted from the negligent failure of defendants' said agent or servant to exercise reasonable care and diligence to stop said truck and to stop the unusual and unnecessary noise being made in its operation after discovery of the frightened condition of the horse and intestate's perilous position, when such reasonable care and diligence would have avoided the injury, etc.

To like effect are the averments of count 2.

The fifth count, to which 6, 7, and 10 are similar, is as follows:

"Count 5. The plaintiff, Mrs. Annie Ward, as administratrix of the estate of Arthur Ward, deceased, claims of the defendants the further sum of $20,000, as damages, for that heretofore, on, to wit, the 17th day of November, 1920, plaintiff's intestate was a traveler on horseback upon a public highway at or near Goodway, in Monroe county, Ala., at which time and place one of defendants' servants or agents, namely, one Sims, while then and there operating one of defendants' auto trucks or motor vehicles within the line and scope of his employment, negligently caused said horse on which plaintiff's intestate was riding to run away with intestate and throw him to the ground with great force and violence, thereby causing him to sustain serious bodily injuries, which said injuries proximately caused his death on, to wit, December 13, 1920. And plaintiff avers that the death of her said intestate as aforesaid resulted from and was the proximate result of the negligence of defendants' said servant or agent in the management or control of said auto truck or motor vehicle on the occasion aforesaid."

In special pleas, to which demurrer was sustained, defendants attempted to ascribe the death of intestate to the contributory negligence of intestate or those having immediate care of him, in failing to procure the services of a skilled physician to treat a dangerous disease that developed in the person of intestate.

These requested charges were refused to defendants:

"16. I charge you, gentlemen of the jury, that under the evidence in this case the deceased was not a traveler upon a public highway at the time the horse upon which he was riding first became frightened."

"A. I charge you, gentlemen of the jury, that under the evidence in this case the noise made by the car prior to the discovery by the driver of the car of the perilous situation of deceased, if you find same the proximate cause of the scare given the horse, is not sufficient to fix liability on defendants, and in that case you should find for defendants."

Barnett, Bugg & Lee, of Monroeville, for appellants.

Counts 1 and 2 fail to aver that the noise of the truck was continued after discovery, etc., and were subject to demurrer. Jackson v. Vaughn, 204 Ala. 543, 86 South. 470; V. C. C. Co. v. Mayson, 7 Ala. App. 588, 62

South. 253; Johnson v. B. R., L. & P. Co., 149 Ala. 529, 43 South. 33. Defendants' special pleas sufficiently set up contributory negligence, constituting a defense to the action. Gaynor v. L. & N., 136 Ala. 244, 33 South. 808; Hurt v. So. Ry., 205 Ala. 179, 87 South. 533; Schmidt v. M. L. & R. Co., 204 Ala. 694, 87 South. 181; B. R., L. & P. Co. v. Gonzalez, 183 Ala. 273, 61 South. 80, Ann. Cas. 1916A, 543; Pace v. L. & N., 166 Ala. 519, 52 South. 52. Where there is a variance between the pleading and proof, no recovery can be had. Birmingham Co. v. Brannon, 132 Ala. 431, 31 South. 523; Cobb v. Keith, 110 Ala. 618, 18 South. 325; Phillips v. Am. Co., 110 Ala. 521, 18 South. 104. The evidence being insufficient to support a verdict upon counts 5, 6, 7, and 10, the affirmative charge should have been given. T. C. I. Co. v. Smith, 171 Ala. 251, 55 South. 170; N., C. & St. L. v. Wallace, 164 Ala. 209, 51 South. 371; So. Ry. v. Hyde, 164 Ala. 162, 51 South. 368. Charges 16 and A were correct, and should have been given. Scarborough v. Malone, 67 Ala. 570; B. R., L. & P. Co. v. Clark, 148 Ala. 673, 41 South. 829; Davis v. Russell, 52 Cal. 611, 28 Am. Rep. 647. It is the duty of trial courts to set aside verdicts not sufficiently supported by the evidence. Birmingham Nat. Bank v. Bradley (Ala. Sup.) 30 South. 546; Id., 116 Ala. 142, 23 South. 53; 29 Cyc. 820.

J. D. Ratcliffe and L. S. Biggs, both of Monroeville, for appellee.

Counts 1 and 2 show the duty, the negligent failure to perform, and injury as a proximate result. This is all that is required of good pleading. Louis Pizitz Co. v. Cusimano, 206 Ala. 689, 91 South. 779; Maddox v. Jones, 205 Ala. 598, 89 South. 38; Bradley v. Wood, 207 Ala. 602, 93 South. 534; Ala. Fuel & I. Co. v. Bush, 204 Ala. 658, 86 South. 541; Spearman v. McCrary, 4 Ala. App. 473, 58 South. 927; Norwood Transp. Co. v. Bickell, 207 Ala. 232, 92 South. 464; L. & N. R. R. Co. v. Phillips, 202 Ala. 502, 80 South. 790; Tenn. Coal, I. & R. Co. v. Moore, 194 Ala. 134, 69 South. 540; Jackson v. Vaughn, 204 Ala. 543, 86 South. 469. An exact correspondence of allegation and proof is not necessary. Wilson v. Smith, 111 Ala. 170, 20 South. 134. No charge was asked or objection made presenting the question of variance. Odom v. Moore, 147 Ala. 567, 41 South. 162; Bradley v. Wood, 207 Ala. 602, 93 South. 534; Circuit court rule 34, 175 Ala. xxi. Where there is conflict in the evidence, the affirmative charge should not be given. Bates v. Harte, 124 Ala. 427, 26 South. 898, 82 Am. St. Rep. 186; Bomar v. Rosser, 123 Ala. 641, 26 South. 510. It is immaterial whether intestate, when injured, was on or alongside a public road or private highway. Ala. F. & I. Co. v. Bush, supra; Bradley v. Wood, supra; Charge 16 was correctly refused. B. R., L. & P. Co. v. Cockrum, 179 Ala. 372, 60 South. 304.

GARDNER, J. One Arthur Ward, a young man, 17 years of age, was thrown from his horse on November 17, 1920, receiving a wound upon the head in which blood poison subsequently developed, resulting in his death on December 13th thereafter. The horse became frightened at a motor truck which was being driven along a public road by the agent of Stallworth Turpentine Company, acting within the line and scope of his employment. Annie Ward, mother of deceased, qualified as administratrix, and brought this suit to recover damages for the death of decedent, relying for recovery upon the alleged negligent conduct of the agent in the operation and management of said motor truck—resulting in a judgment for the plaintiff, from which the defendant has prosecuted this appeal.

[1, 2] It is first insisted that the court committed error in overruling the demurrer to counts 1 and 2 of the complaint. These counts seek recovery for the alleged negligent conduct of the driver of the truck after a discovery of the perilous position of plaintiff's intestate.

We are of the opinion these two counts contain the necessary elements to support the charge of simple negligence; that is, the duty owing to the plaintiff's intestate, a negligent failure to perform that duty, and the injury as a proximate result of such failure. This suffices to meet the rule in cases of this character. Pizitz D. G. Co. v. Cusimano, 206 Ala. 689, 91 South. 779; Maddox v. Jones, 205 Ala. 598, 89 South. 38; Bradley v. Wood, 207 Ala. 602, 93 South. 534. This court has often declared that, while fully recognizing the rule that pleading is to be construed most strongly against the pleader, yet it is to be given a natural and common sense construction, as opposed to a strained and unnatural one. These counts so construed are sufficient to show the negligent conduct of defendant's agent in continuing to operate said truck with its consequent noise, after having discovered the perilous position of plaintiff's intestate by reason of the great fright of his horse. There was no error in overruling the demurrers to counts 1 and 2.

[3, 4] Moreover, in addition to these counts, the cause was tried upon counts 5, 6, 7, and 10, which charge simple negligence on the part of the driver of the motor truck in the operation, management, and control thereof. It is well settled that under these counts recovery may be sustained upon proof showing subsequent negligence. Saxon v. Cent. of Ga., 192 Ala. 434, 68 South. 313; L. & N. R. R. v. Abernathy, 192 Ala. 629, 69 South. 57. In no event, therefore, could the ruling of the court on demurrer to counts 1 and 2 have worked any injury to the defendant.

[5] There was no error in sustaining demurrer to the special pleas interposed. These pleas attempt to set up negligence subsequent to the injury charged, and related to

the question of proximate cause (provable under the general issue), rather than presenting any question of contributory negligence. Armstrong v. Montgomery St. Ry., 123 Ala. 233, 26 South. 349.

[6] It is further insisted the affirmative charge was due upon counts 5, 6, 7, and 10, on the theory of variance between the allegations and the proof. We are of the opinion no material variance is shown. These counts charge simple negligence on the part of the defendant's agent in the operation, management, and control of the motor truck, and we do not agree with the contention that they rest for recovery upon the negligence of the driver of the truck in the first instance, in frightening the horse, but, as previously stated, these counts are entirely sufficient to support recovery upon proof of subsequent negligence. Should it be conceded, therefore, as contended by counsel for appellant, that the evidence was insufficient to base the recovery upon any theory of initial fright of the animal, yet under our construction of these counts no variance is shown.

[7, 8] Counsel further contend there is variance, for the reason these counts allege that plaintiff's intestate was a traveler upon horseback on a public highway, while the proof shows that when the horse first became frightened he was standing in front of the gate of one Wiggins, but within a few feet of the natural roadbed. Plaintiff's intestate, while traveling along this public road, had stopped the horse at this gate and engaged in conversation with a friend; the horse becoming frightened, ran across and up the road, throwing the boy to the ground. The mere fact, therefore, that plaintiff's intestate had stopped his horse near the roadbed and engaged in conversation did not prevent his being a traveler upon the public highway in the broad sense of that term, as used in these counts of the complaint. Moreover, such averment was merely descriptive, for, in any event, whether upon the highway or near thereto, or whether upon a public or private road, the duty was the same so far as the proof of subsequent negligence is concerned. Certainly, there was no material variance shown.

[9] We have said this much out of deference to the argument of counsel for appellant, but, under the rule now prevailing, even had there been a variance the attention of the trial court was not directed thereto, as required by circuit court rule 34, (175 Ala. xxi), and cannot for the first time be raised, under the prevailing practice, by request of the affirmative charge. Bradley v. Wood, supra.

What we have said will suffice as an answer to the insistence that the affirmative charge was due on counts 5, 6, 7, and 10, upon the theory that they charge negligence in the initial fright of the horse, while the proof only sustains the theory of subsequent negligence.

Our conclusion that the plaintiff was, in the general, well-understood meaning of the word, a traveler upon the public highway at the time the horse became frightened, was sufficient to condemn charge 16, refused to defendant, without reference to any other objection to this charge argued by opposing counsel.

[10] Charge A was properly refused as misleading, if not containing other vices. As we gather from brief of counsel for appellant, it was asked upon the theory that counts 5, 6, 7, and 10 sought recovery only for negligence in the initial fright of the horse, to which construction, as previously stated, we do not agree.

[11] Charges 12, 13, and 15, given on behalf of defendant, preclude any recovery by plaintiff except upon the theory of subsequent negligence, and therefore contained in substance what was attempted to be embraced within refused charge A.

The remaining assignment of error relates to the action of the court in overruling the motion for a new trial upon the ground the verdict was contrary to the overwhelming weight of the evidence. The rule governing this court upon question of this character is now so well established and understood as to need neither citation of authority nor discussion. Suffice it to say that we have given this insistence most careful consideration, and the evidence has been read with painstaking care; but we are not persuaded that, under the rule prevailing, the judgment of the trial court in this respect should be here disturbed.

Finding no error in the record, the judgment appealed from will be affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.