144 So. 126

## LANEY v. BLACKBURN.
### 7 Div. 866.

Court of Appeals of Alabama.
Nov. 1, 1932.

Hugh Reed, of Center, for appellant.

McCord & McCord, of Gadsden, and Irby A. Keener, of Center, for appellee.

BRICKEN, P. J.

■ Appellee, Blackburn, sued the appellant, Laney, Sr., in the circuit court of Cherokee county to recover damages, to his (appellee's) automobile, which it is claimed was proximately caused by the son of appellant, in and about the operation of an automobile, which was the property of appellant. The jury returned a verdict in favor of appellee, and fixed his damages in the sum of $250. Motion for a new trial was overruled, and appellant prosecutes this appeal to review certain rulings of the trial court. Count 1 of the complaint, upon which the case was tried, is as follows: "The Plaintiff claims of the Defendant, Z. D. Laney, Sr., three hundred dollars, damages, for that, heretofore, to-wit; on or about the 28th day of September, 1930 the Defendant did own and possess a Ford Automobile which he did then loan to his son Hill Laney, and did then negligently permit and allow the said Hill Laney to take and drive the same for his own personal pleasure and entertainment, and for personal business of the said Hill Laney, and Plaintiff avers that the said Hill Laney was wholly incompetent and unfit to drive said automobile, as was then well known to the said Defendant; that on said day and on said occasion the said Hill Laney being so possessed of said automobile, and in sole control of its operation did so carelessly, negligently and improperly operate said automobile at a point on the Round Mountain and Cedar Bluff Public Road about one and one-half miles west of the town of Cedar Bluff, Alabama, that he caused Defendant's said automobile to collide with, run into, against, or over the Ford Automobile of plaintiff's, ruining and crushing two fenders, a running board, crushing and breaking two wheels, bursting and tearing two tire and two tubes, breaking an axle, bursting the motor and otherwise bruising and damaging plaintiff's said automobile, all as the plaintiff avers, as the proximate result of the said defendant's negligence and the concurring negligence and incompetency of the said Hill Laney, as aforesaid, to the damage of the plaintiff in the said sum of Three Hundred Dollars as aforesaid, wherefore the plaintiff sues."

The foregoing count, in our opinion, was sufficient, and the demurrers interposed thereto were properly overruled. Rush v. McDonnell et al., 214 Ala. 47, 106 So. 175.

The testimony of Hill Laney, a witness for defendant, was sufficient to authorize the jury to infer or find that he had borrowed the automobile, from his father, which he was operating at the time the collision with appellee's car occurred, and that his father knew he was a reckless, incompetent driver. The other evidence in the case made it a question for the jury as to whether Hill Laney was negligent on that occasion, and whether his negligence proximately caused the damage complained of. Hence there was no error in refusing the general affirmative charge requested in writing by the appellant.

■ There was no error in the ruling by the court below that properly qualified witnesses might testify as a fact that Hill Laney was "a wild and reckless driver." The Supreme Court of this state has heretofore held that a witness might testify that a mule was a mule of ordinary gentleness, and we are unable to discover any well-founded reason why one who knows might not testify that another was a wild and reckless driver. Shelby Iron Co. et al. v. Morrow, 209 Ala. 116, 95 So. 370; Alabama Consolidated Coal & Iron Co. v. Cowden, 175 Ala. 108, 56 So. 984.

A witness may testify to a shorthand rendition of the facts pertinent to the issue being tried. Standard Cooperage Co. v. Dearman, 204 Ala. 553, 86 So. 537.

■ Under the issues made by the pleadings, it was permissible to prove by Hill Laney on his cross-examination that he had had four automobile wrecks in the last two years, some of which were reported to appellant. This evidence tended to show knowledge on appellant's part of his son's alleged incompetence. In connection with other facts and circumstances, it had a tendency to prove appellee's charge that Hill Laney was both incompetent and unfit to drive said automobile.

■■ Any incriminating statement by Hill Laney, tending to show that he was negli-

gent on the occasion complained of, was admissible for the purpose of proving that he, as distinguished from appellant, was guilty of negligence as alleged in the complaint. Under the pleadings, it was incumbent on the appellee to reasonably satisfy the jury that Hill Laney was negligent on the occasion complained of, and that his negligence concurred with the negligence of appellant in intrusting his automobile to a person of known incompetence. The appellant's objection to that line of testimony was properly overruled. Whiddon v. Malone, 220 Ala. 220, 124 So. 516.

■ There was no reversible error committed by the trial court in declining to allow Hill Laney to testify that some of the wrecks he had been in could not have been avoided. Clark v. Ryan, 95 Ala. 406, 11 So. 22. He was allowed, without objection, to state the circumstances under which these wrecks occurred. The jury had the full benefit of his uncontradicted version of how these wrecks occurred, and the appellant's case could not have been prejudiced by a failure to allow the witness to give his conclusion as to whether they could have been avoided.

■ The appellee's objection to testimony offered by appellant to the effect that appellee's car was mortgaged and had been repossessed subsequent to the accident, and for that reason plaintiff did not lose a dollar by reason of this wreck, was properly sustained. Bradley v. Wood, 207 Ala. 602, 93 So. 534.

No error was committed in overruling appellant's motion for a new trial. The evidence was in conflict on every material issue in the case. The case was fairly submitted to the jury by an able oral charge, and several written charges, some of them more favorable to appellant than was his due, were given at appellant's request.

We conclude that the record is free from error, and the judgment appealed from will stand affirmed.

Affirmed.