### RICE v. UNITED AIR LINES, Inc.

No. 26238.

United States District Court
N. D. Ohio, E. D.

Feb. 28, 1950.

M. C. Harrison, Cleveland, Ohio, for plaintiff.

C. M. Horn, Cleveland, Ohio, for defendant.

FREED, District Judge.

Defendant objects to five of the requests for admissions made by plaintiff pursuant to Rule 36, Federal Rules of Civil Procedure, 28 U.S.C.A. These requests concern matters which were previously the subject of interrogatories propounded by plaintiff under Rule 33. The Court ruled on the ground of irrelevancy that these interrogatories need not be answered.

Plaintiff justifies the reiteration of these questions by asserting that the test of relevancy under Rule 36 is broader, in some fashion, than the test of relevancy under Rule 33. The Court does not agree. If anything relevancy for purposes of Rule 33 should be more liberally construed, for Rule 33 recognizes inquiry into matters inadmissible in evidence while Rule 36 is intended to facilitate proof at trial. The only difference between the substance of the present requests and the earlier interrogatories is that the "innuendo" found objectionable by the Court is no longer present, and defendant quite properly assumed that the question had been put at rest by the Court's ruling. However, the Court is now of the opinion that its earlier ruling was in error and the present objections should not be sustained.

Plaintiff seeks admission of the genuineness of answers to interrogatories propounded and a deposition taken in another lawsuit arising out of the same airplane accident involved in this case. The Court is not called on now to rule definitively that these will be allowed in evidence, for whatever may be the ordinary rule as to the admissibility of facts admitted under Rule 36. See Sulzbacher v. Travelers Insurance Co., D.C., 2 F.R.D. 491, the form in which plaintiff submits the requests reserves to defendant the right to make objection to admissibility at trial. Suffice it to say that under some circumstances a deposition in a former action is sometimes admissible as original testimony, Insul-Wool Insulation Corp. v. Home Insulation, 10 Cir., 176 F.2d 502; Mid-City Bank & Trust Co. v. Reading Co.,[1] or is admissible for purposes of impeachment in the event

---

1. No opinion for publication.

deponent testifies at trial. The admissibility of the answers to the interrogatories in the previous action will be determined by the rules governing the admissibility of admissions of a party.

No burden on or prejudice to the defendant will result from requiring it to answer the requests for admissions subject to the right to make all pertinent objections at trial, whereas plaintiff will be prejudiced if the items in question are ruled admissible on trial and he has no expeditious way to prove them.

The objections will be overruled.