Melvin D. **WINCHESTER**, Plaintiff,

v.

Parcus T. **PADGETT** and O. C. Padgett, d/b/a Reaves Mercantile Company, Defendants.

Civ. A. No. 4236.

United States District Court
N. D. Georgia,
Atlanta Division.
May 22, 1952.

White, Douglas & Arnold, Atlanta, Ga., for plaintiff.

Haas, Hurt & Peek and Claude Hambrick, Jr., Atlanta, Ga., for defendant.

HOOPER, Chief Judge.

Plaintiff, Melvin D. Winchester, brought this action against O. C. Padgett,

hereinafter referred to at times as the owner, and against Parcus T. Padgett, hereinafter sometimes referred to as the driver of an automobile, alleging that the negligent operation of said car caused plaintiff to receive injuries. Complainant alleges the driver operating the automobile was the agent and employee of the owner and in the course of his business. If that be true and there was negligence as alleged at the time of the accident, then the owner will be liable regardless of other allegations.

Many complex and difficult questions in this case arise from plaintiff's allegations that defendant owner employed the defendant driver although knowing that said driver had "for many years no regard for law, including traffic laws, and from his known habits of recklessness, lawbreaking, and irresponsibility he was at the time said automobile was delivered into his custody by defendant O. C. Padgett an incompetent and unsafe driver * * *" (See paragraph 6 of Amendment to Complaint.)

The Amendment to the Complaint alleges various infractions of law by the driver and convictions therefor, as to which motion to strike is made.

This is a case in which it behooves the trial judge at pre-trial conferences to determine many complex questions of law in order to avoid excusing the jury frequently during the trial, and to enable counsel to properly prepare for trial.

■ 1. The first question concerns the degree of care which the laws of Georgia require of the owner of an automobile in intrusting the same to another to be driven. The general rule of law has been stated as follows:

"An owner of a motor vehicle who intrusts it to one whom he knows, or, in the exercise of reasonable care, should have known, to be an incompetent, careless, reckless, or inexperienced driver is liable for a resulting injury." 60 C.J.S. Motor Vehicles § 431, page 1057.

The Georgia Court of Appeals has stated the following:

"Aside from the relation of master and servant, the owner of an automobile may be rendered liable for injuries inflicted by its operation by one whom he has permitted to drive the same on the ground that such person, by reason of his age or want of experience, or his physical or mental condition, or his known habit of recklessness, is incompetent to safely operate the machine." Graham v. Cleveland, 58 Ga.App. 810, 815(2), 200 S.E. 184, 187. See also NuGrape Bottling Co. v. Knott, 47 Ga.App. 539, 171 S.E. 151; Crisp v. Wright, 56 Ga.App. 338, 192 S.E. 390; Tolbert v. Jackson, 5 Cir., 99 F.2d 513; Blashfield Cyclopedia of Automobile Law and Practice, Sec. 2924, Sec. 6616 and Sec. 2927.

■ 2. The next question raised concerns the matter of proof of incompetency of the driver and proof of the knowledge of such incompetency, either actual or constructive, upon the part of the owner at the time of intrusting the vehicle to the driver.

While it seems well established that the reputation of the driver is receivable to show that his character in respect to competency was known to his employer (Wigmore on Evidence, Vol. 2, Sec. 249) there is a conflict in the few available decisions on the question as to whether incompetency may be shown by reputation alone. Among cases holding that reputation shows knowledge only, see McGowin v. Howard, 251 Ala. 204, 36 So.2d 323; Guedon v. Rooney, 160 Or. 621, 87 P.2d 209, 120 A.L.R. 1298; Huntt v. McNamee, 4 Cir., 141 F. 293, 299. Under those cases reputation for incompetency may not be shown until incompetency itself is first proven.

Other authorities hold that incompetency of the driver may be shown by proof of reputation. Vos v. Franke, 202 Ill.App. 133. Professor Wigmore, in an exhaustive discussion of this question, after pointing out that in previous years

the rule was different, expresses the opinion that at the present time reputation alone may prove incompetency. Wigmore on Evidence, Vol. 5, Sections 1610–1621 inclusive. He states: "No doubt actual character is not ascertainable by reputation beyond a few broad traits grossly marked, clearly exhibited, and easily observed; but the law does not attempt to use it beyond this point." This court is of the opinion, and here rules, that one's incompetency as a driver of an automobile may be proven by reputation.

3. The incompetency of a person as a driver, however, may not be proven by showing only one instance of negligent driving. See R. J. Reynolds Tobacco Co. v. Newby, 9 Cir., 145 F.2d 768; 120 A.L.R. 1311 "Several cases have recognized the admissibility of evidence of a driver's other automobile accidents or specific instances of his recklessness, intoxication, or carelessness, as tending to show his incompetency as a driver, where the defendant owner was alleged to have permitted him to drive with knowledge of his propensities in that regard, and an injury to the plaintiff was claimed to have resulted thereby." Laney v. Blackburn, 25 Ala.App. 248, 144 So. 126; Chaney v. Duncan, 194 Ark. 1076, 110 S.W.2d 21; Tanis v. Eding, 274 Mich. 288, 264 N.W. 375; Linville v. Nissen, 162 N.C. 95, 77 S.E. 1096; Clark v. Stewart, 126 Ohio St. 263, 185 N.E. 71; Guedon v. Rooney, 160 Or. 621, 87 P.2d 209, 120 A.L.R. 1298; Allen v. Bland, Tex.Civ.App., 168 S.W. 35.

4. Paragraph Two of the Amendment alleges the driver as being "a habitual law-breaker with a long record of criminal convictions including the violation of the White Slave Act [18 U.S.C.A. § 2421 et seq.]." The motion to strike Paragraph Two is sustained, as this charge has no bearing upon driver's competency to safely drive an automobile.

The same ruling is made as to Paragraph Three of the amendment charging the driver had been arrested charged with offense of kidnapping, robbery, felonious assault, armed robbery and wife beating.

5. Paragraph Five of the amendment charges that in November, 1939 said driver forfeited a cash bond posted by him to secure his release from arrest for driving an automobile in excess of the speed limit in the City of Atlanta. As it is not charged that he was negligent, or was found guilty, or pleaded guilty, this allegation must be stricken. Paragraph Five contains the allegation that in June, 1940 said defendant was convicted of driving an automobile in excess of Atlanta's speed limit and was sentenced to pay a fine. This allegation is relevant, provided there is prima facie evidence that the defendant owner had knowledge of the same, or knowledge of incompetency, at the time of intrusting automobile to said law violator. Paragraph Five alleges that such defendant in 1941 while driving an automobile, was involved in a collision causing property damage. This allegation should be stricken unless plaintiff is able to prove that defendant was negligent in connection therewith.

Said Paragraph Five also alleges that in March, 1945 defendant was convicted of operating an automobile under the influence of intoxicants, and given a fine. This allegation is material as a circumstance tending to show said defendant's unfitness, provided a foundation is laid by showing knowledge thereof, actual or constructive, upon the part of the owner defendant.

6. Paragraph Six of the amendment alleges "defendant has for many years had no regard for traffic laws, and from his known habits of recklessness, law-breaking, and irresponsibility, he was, at the time said automobile was delivered into his custody by defendant O. C. Padgett, an incompetent and unsafe driver, and such facts were known to defendant O. C. Padgett." The allegations of this paragraph are construed to refer to more specific allegations of other paragraphs, as to which rulings have been made.

7. To sum up the above, the court is ruling as follows:

In order to recover upon doctrine of master and servant, plaintiff must prove negligence against the driver as alleged, and relationship of master and servant. As to plaintiff's recovery, however, on the theory of intrusting the car to an incompetent driver, plaintiff must first prove the incompetency of the driver, not by one specific instance of negligence, but by several instances, or by reputation, or by court convictions of negligence. After proving incompetency plaintiff must next show that the owner had knowledge of such incompetency at the time of intrusting the car to the driver and that may be shown by the driver's reputation for incompetency, or by other direct or circumstantial evidence. Plaintiff will not, however, be permitted to show previous acts of negligence by the driver without first making a prima facie showing as to knowledge thereof upon the part of the owner.

8. Should the driver of the automobile, defendant Parcus T. Padgett, be a witness in the case, and should he be cross-examined as to other acts for purposes of impeachment, the court will upon the trial exercise his discretion as provided by law. See United States v. Lawinski, 7 Cir., 195 F.2d 1 and cases cited. However, counsel are expressly directed to acquaint the court in the absence of the jury with such questions desired to be asked in cross-examination, and invoke a ruling of the court thereon.

9. Plaintiff has requested admission of defendants as to alleged violations of law by said driver, some of these desired admissions concerning facts which have above been held to be prima facie inadmissible. Defendants are required to answer said requests, however, with the distinct understanding that if admissions are made they shall not be brought to the attention of the jury unless the court has, upon request made in the absence of the jury, expressly so ruled. Violation of this direction by the court will be considered sufficient ground for granting a mistrial. Whether such evidence becomes admissible upon the trial of the case will depend upon events transpiring at the trial. Rice v. United Air Lines, Inc., D.C., 10 F.R.D. 161; Sulzbacher v. Travelers Ins. Co., D.C., 2 F.R.D. 491(3).