Anthony **CHISHOLM**, a minor by Terry
C. Chisholm, et al.

v.

The **BOARD OF PUBLIC EDUCA-
TION** et al.

Civ. A. No. 29706.

United States District Court
E. D. Pennsylvania.

Sept. 5, 1963.

Isaiah W. Crippins, Philadelphia, Pa.,
for plaintiffs.

Walter Biddle Saul, Philadelphia, Pa.,
for defendants.

WOOD, District Judge.

The defendants seek to compel the plaintiffs to supplement their answers to defendants' interrogatories, filed and served on counsel for the plaintiffs on December 14, 1962. The plaintiffs filed their answers to these interrogatories on February 13, 1962, and further amplified certain of these answers which in turn were filed on May 1, 1963.

Local Rule 20(f) [1] requires a party to supplement prior answers to interrogatories upon discovery of information which renders earlier answers substantially inaccurate, incomplete or untrue.

■■■ Apparently, the defendants want all of the prior answers supplemented since their motion does not specify which answers are now inaccurate or incomplete. The effectiveness of Rule 20(f) depends largely upon the cooperation of counsel in freely disclosing all information requested by an opposing

---

1. Rule 20(f):

    "Upon discovery by any party of information which renders that party's prior answers to interrogatories sub-

stantially inaccurate, incomplete or untrue, such party shall file appropriate supplemental answers with reasonable promptness."

party's interrogatories. We have no doubt that both counsel in this case are men of the highest integrity and would not hesitate to correct any previous inaccurate or incomplete answers filed with this Court. Therefore, in the absence of any showing that the present answers are incomplete we can only *request* counsel for the plaintiffs to re-examine their answers and cure any deficiencies which have arisen by virtue of the passage of time or the receipt of additional information since the prior answers were filed. The lapse of five to seven months time does not automatically render the prior answers *substantially* incomplete or inaccurate. If this were true there would be no end to pre-trial discovery in any case with the current delay which attends an action from its filing until its trial.

The defendants also seek to strike the plaintiffs' affidavit submitted in support of the plaintiffs' motion for production of documents as being insufficient as a matter of law.

Further relief is requested in the form of an amended order since the defendants claim no good cause has ever been shown by the plaintiffs for the production of the documents.

It is now half past the eleventh hour in this protracted case which is fast approaching trial and we are still being concerned with the disposal of discovery matters.

The *form* of the affidavit submitted by counsel for the plaintiffs is lacking in the essentials required by Rule 34, namely: statements which show the defendants have the papers in their possession or control and statements which show the relevancy of the documents to some issue in the action.

It has been established that the documents requested by the plaintiffs are in the possession of the defendants. Also, the documents on their *face* bespeak their relevancy to the issues of discrimination in facilities and teacher assignments involved in this case.

In order to cure this *form* defect the plaintiffs are directed to submit a new affidavit covering the points set out in this opinion. The plaintiffs have already shown the good cause necessary for the production of the documents insofar as they have alleged their need in the preparation of their case. Schuyler v. United Air Lines, Inc., 10 F.R.D. 161 (M.D.Pa.1950).

All other objections raised by the defendants are without merit and are dismissed.